IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ALFRED SMITH, JR.,
JONATHAN WINN, KAMAAL ALLEN,
MARTINEZ M. EDWARDS,
DEVONTE MITCHELL,
ROMELE WALLACE, and
EQUANTEZ SLOAN,                                              OPINION and ORDER

                    Plaintiffs,                                     23-cv-261-wmc[1]

    v.

SECRETARY KEVIN A. CARR,

                    Defendant.

---

      These pro se plaintiffs contend that their equal protection and due process rights were violated in extended supervision revocation proceedings. They move for certification of a class and request the appointment of class counsel. Dkt. 1 at 6, Dkt. 2. Plaintiff Smith, who authored the complaint and motion, is incarcerated at the Milwaukee Secure Detention Facility. Publicly available Wisconsin Department of Corrections (DOC) records show that the remaining plaintiffs, except for Winn, are also incarcerated there.[2] In this order I will deny plaintiffs' motions and explain what plaintiff must do regarding payment of filing fees for this case to move forward.

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

[2] *See* https://appsdoc.wi.gov/lop/welcome. Winn was released on supervision from that facility.

ANALYSIS

Plaintiffs' filings are hard to follow, but I understand them to be alleging that their revocations violate due process because they are based on inaccurate or insufficient information, and equal protection because of the unreasonable terms of supervision generally imposed on minority supervisees.

I must deny the motion for class certification because plaintiffs are not represented by a lawyer. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the class must be provided adequate representation. But courts have repeatedly declined to allow pro se prisoners to represent a class in a class action. *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit an imprisoned pro se litigant to represent his fellow inmates in a class action); *Caputo v. Fauver*, 800 F. Supp. 168, 169–70 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action"); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others").

Plaintiffs attempt to remedy this problem by asking the court to appoint counsel for the class. As civil litigants, plaintiffs have "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). The court should seek counsel to represent a plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) the factual and legal difficulty of the case exceeds the particular plaintiff's capacity as a layperson to coherently present it. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). To satisfy this court that they have made reasonable attempts to do so, plaintiffs must contact

several lawyers requesting representation and submit letters from at least three attorneys declining to represent them or an affidavit signed under penalty of perjury under 28 U.S.C. § 1746 that describes who they contacted, when they contacted them, and any response they received. Plaintiffs submitted no evidence that they met the first requirement, so I will deny this motion on this ground.

Finally, none of the plaintiffs have paid the $402 filing fee or filed a motion to proceed in forma pauperis and supporting financial information. Under the Prison Litigation Reform Act, a prisoner plaintiff proceeding in forma pauperis is required to pay the statutory filing fee of $350.00 for any civil action. *See* 28 U.S.C. § 1915(b)(1). In a multiple plaintiff prisoner case, each prisoner proceeding in forma pauperis is required to pay the statutory filing fee of $350.00. *See Boriboune v. Berge*, 391 F.3d 852, 855–56 (7th Cir. 2004). Each plaintiff must either pay the filing fee or file a motion to proceed in forma pauperis by the date indicated below, or they will be dismissed from this case.

Smith faces an additional problem: he has filed at least three previous civil actions while imprisoned that were dismissed because they were frivolous or because they failed to state a claim. *Smith v. Frank*, 03-cv-414 (E.D. Wis.) (dismissed for failure to state a claim); *Smith v. Frank*, 04-cv-489 (E.D. Wis.) (dismissed as frivolous); *Smith v. Frank*, 05-cv-476 (E.D. Wis.) (dismissed as frivolous). Consequently, Smith may not proceed with a civil action in this court without paying the full $402 filing fee, unless he can show that he is subject to imminent danger of serious physical injury, which he is not alleging in this lawsuit. *See* 28 U.S.C. § 1915(g).

Once plaintiffs have complied with the filing fee requirement, I will screen the complaint as required under 28 U.S.C. §§ 1915, 1915A. Although I have not yet considered the merits of

plaintiffs' claims, I note for plaintiffs' benefit that as a general matter if they are seeking to challenge ongoing revocation proceedings, this federal court cannot interfere with those proceedings under *Younger v. Harris*, 401 U.S. 37 (1971), absent extraordinary circumstances. Nor can plaintiffs pursue damages claims in this type of civil lawsuit if a judgment in plaintiffs' favor would "necessarily imply the invalidity" of a prior conviction, sentence, or revocation. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for class certification and for class counsel, Dkt. 2, is DENIED.

2. Smith may not proceed as a plaintiff in this lawsuit unless he pays the full $402 filing fee by June 13, 2023.

3. The remaining plaintiffs will be dismissed from this lawsuit unless they either pay the full filing fee or file a motion to proceed in forma pauperis by June 13, 2023.

Entered May 23, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge