IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ALFRED SMITH, JR.,
JONATHAN WINN, KAMAAL ALLEN,
MARTINEZ M. EDWARDS,
DEVONTE MITCHELL,
ROMELE WALLACE, and
EQUANTEZ SLOAN,                                          OPINION and ORDER

                       Plaintiff,                                  23-cv-261-wmc[1]

   v.

SECRETARY KEVIN A. CARR,

                       Defendant.

---

These pro se plaintiffs contend that their due process and equal protection rights were violated in extended supervision revocation proceedings. I denied their motion for class certification and appointment of class counsel. Dkt. 3. I also explained that for this case to move forward, plaintiff Smith had to pay the full filling fee because he had "struck out" under the Prison Litigation Reform Act and that each of the remaining plaintiffs had to either pay the fee or file a motion to proceed in forma pauperis. No plaintiff responded by the deadline, so the court dismissed this case. Dkt. 5. Smith asks me to reconsider my denial of the motion for class certification and to allow him to proceed without prepaying the filing fee. Dkt. 7. I will grant his motion in part and allow plaintiffs a final opportunity to pursue this case.

To begin, Smith does not present any reason to reconsider class certification. I denied the motion because pro se prisoners cannot represent a class in a class action and plaintiffs did not establish that the court's assistance with recruiting class counsel would be appropriate.

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

Smith asserts that plaintiffs have contacted "several lawyers requesting representation" without response. *Id.* at 1. Even so, plaintiffs' motion for class certification did not address other requirements for class certification under Federal Rule of Civil Procedure 23. For example, a class must be clearly defined with objective criteria. *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015). And Rule 23(a) imposes threshold requirements of numerosity, commonality, and typicality in addition to adequacy of representation. The class must also meet the requirements of at least one of the types of class actions listed in Rule 23(b). Smith makes no attempt to address these issues on reconsideration.

This case will not proceed as a class action, but I will reopen this case and allow plaintiffs a final opportunity to pursue it as individuals because Smith suggests that they missed the deadline due to mail delays and difficulties communicating with each other. As for Smith, he cannot proceed in forma pauperis in any lawsuit or appeal he files while incarcerated, except for instances in which he alleges that he is in "imminent danger of serious physical injury" at the time he filed the lawsuit or appeal. 28 U.S.C. § 1915(g). He did not raise any such allegations in the complaint, which challenges certain revocation proceedings and supervision conditions, so I ordered him to pay the full filing fee.

I am not persuaded otherwise on reconsideration. To meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate," and imminent or occurring at the time the complaint is filed. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Smith now notes that he has been placed in segregation. He also asserts that he was sexually assaulted at some point, and reported the assault, and conclusorily references "excessive force" and the "denial of adequate medical care" without supporting factual detail. Dkt. 7 at 2. In general, allegations of past harm do not suffice, and I

2

cannot conclude based on these assertions that Smith faced an ongoing or imminent danger of physical injury when plaintiffs filed this lawsuit in April of 2023.

For this case to move forward, Smith must pay the full filing fee and each remaining plaintiff must either pay the fee or file a motion to proceed in forma pauperis. I note that Smith does not represent the other plaintiffs in this matter because he is not a lawyer and cannot file motions or make representations on their behalf. *See Smith-Howard Community.org v. Google HQ*, No. 19–C–1202, 2019 WL 13218375, at *2 (E.D. Wis. Sept. 21, 2019) (pro se litigants cannot represent persons other than themselves). I will dismiss each plaintiff who does not respond by the deadline indicated below and dismiss this case again if no plaintiff responds.

Once plaintiffs have complied with the filing fee requirement, I will screen the complaint as required under 28 U.S.C. §§ 1915, 1915A. Although I have not yet considered the merits of plaintiffs' claims, I note for plaintiffs' benefit that as a general matter if they are seeking to challenge ongoing revocation proceedings, this federal court cannot interfere with those proceedings under *Younger v. Harris*, 401 U.S. 37 (1971), absent extraordinary circumstances. Nor can plaintiffs pursue damages claims in this type of civil lawsuit if a judgment in plaintiffs' favor would "necessarily imply the invalidity" of a prior conviction, sentence, or revocation. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

## ORDER

IT IS ORDERED that:

1. Plaintiff Smith's motion for reconsideration, Dkt. 7, is GRANTED in part and DENIED in part as described in this order.

2. This case is REOPENED.

3. Smith may not proceed as a plaintiff in this lawsuit unless he pays the full $402 filling fee by **July 14, 2023**.

4. The remaining plaintiffs will be dismissed from this lawsuit unless they each either pay the full filing fee or file a motion to proceed in forma pauperis by **July 14, 2023**.

Entered June 30, 2023.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge