IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ALFRED SMITH, JR.,
JONATHAN WINN, KAMAAL ALLEN,
MARTINEZ M. EDWARDS,
DEVONTE MITCHELL,
ROMELE WALLACE, and
EQUANTEZ SLOAN,                                            OPINION and ORDER

                 Plaintiff,                                        23-cv-261-wmc[1]

   v.

SECRETARY KEVIN A. CARR,

               Defendant.

---

These pro se plaintiffs contend that their due process and equal protection rights were violated in extended supervision revocation proceedings. I denied their motion for class certification and appointment of class counsel, and dismissed this case after no plaintiff either paid the filing fee or filed a motion to proceed in forma pauperis by the deadline. Dkt. 3, 5. I reopened this case on plaintiff James Alfred Smith, Jr.'s motion, and allowed plaintiffs a final opportunity to pursue it as individuals by either paying the fee or requesting to proceed in forma pauperis. Dkt. 8. No plaintiff other than Smith responded, and based on Smith's submissions, I will dismiss this case.

I explained in my prior orders that unless Smith qualifies for the imminent danger exception to 28 U.S.C. § 1915(g), he must pay the full filing fee because he has "struck out" under the Prison Litigation Reform Act. Dkt. 3 at 3; Dkt. 8 at 2-3. For the exception to apply, the plaintiff must be under imminent danger of serious physical injury at the time the

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

complaint is filed and the "threat or prison condition [must be] real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). There are no such allegations in the complaint.

Smith again asks to proceed in forma pauperis because he cannot pay the filing fee, but most of his assertions in support are not relevant. Dkt. 10–12. For example, he notes that the Wisconsin Supreme Court denied his petition for supervisory writ raising the same issues he would litigate in this court and explains why this case is so important for him to pursue. Dkt. 10, 12. Neither argument speaks to the question at hand.

Smith also states that he uses a wheelchair and that security staff have tried to force him to walk, have placed him in segregation and denied him his "property to properly respond to this court's order." Dkt. 11 at 1. But Smith has filed three responses to this court's order to date and does not specify what property he still needs. In support of his other assertions, he filed a conduct report he received that indicates that when officers entered his cell on June 29, 2023, to place wrist restraints on him after he refused to leave his wheelchair, Smith raised his left arm and hand in a way that caused the officers to believe he was going to strike one of them. Smith says the officers then assaulted him, but the conduct report indicates that no staff "put hands on" Smith and that per HSU, Smith can walk with a walker. Dkt. 11-2 at 1.

This incident occurred about two months after plaintiffs filed this lawsuit and is unrelated to the complaint allegations, but Smith says that "the threat or prison condition" was present "at the time this lawsuit was filed." Dkt. 11 at 1. I assume Smith means that whether he may be made to walk despite his need for a wheelchair has been an ongoing issue, but he does not dispute that he can use a walker and the incident on June 29 escalated when Smith raised his hand, not because he refused to walk. Regardless, the imminent danger exception to the "three strikes" rule is available "for genuine emergencies," where "time is

2

pressing" and a "threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). I cannot reasonably infer from these assertions that Smith experienced imminent danger of physical harm at the time this lawsuit was filed.

Smith asserts that he cannot pay the filing fee and has not met the imminent danger requirement after two opportunities. Because I conclude that any further opportunity would also be futile, and because no other plaintiff has shown any interest in pursuing this case, I will again dismiss it.

## ORDER

IT IS ORDERED that this lawsuit is DISMISSED because plaintiff Smith has not paid the filing fee and no other plaintiff has paid the fee or filed a motion to proceed in forma pauperis in compliance with the court's prior orders.

Entered July 31, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge